580 S.E.2d 147

**In the Matter of Newberry Municipal Court
Judge Barry S. KOON, Respondent.**

No. 25639.

Supreme Court of South Carolina.

Submitted April 15, 2003.
Decided April 28, 2003.

---

Henry B. Richardson, Jr., and Deborah Stroud McKeown, both of Columbia, for the Office of Disciplinary Counsel.

Barry S. Koon, of Newberry, Pro Se.

PER CURIAM:

Respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR. Therein, respondent admits he violated the Code of Judicial Conduct, Rule 501, SCACR, and agrees to the imposition of a letter of caution with a finding of minor misconduct, a confidential admonition or a public reprimand. We accept the agreement and issue a public reprimand.[1]

### *Facts*

The facts, as stated in the agreement, are as follows. Respondent is a former magistrate for the County of Newberry. Respondent is currently a part-time municipal court judge for the Town of Newberry. While serving as a part-time municipal court judge, respondent participated in a taped telephone message, used in placing telephone calls to potential

---

1. Respondent has been disciplined on two previous occasions for unrelated misconduct. On July 20, 2000, respondent received a letter of caution for unrelated minor misconduct causing little or no harm to the public or the administration of justice. On August 9, 2002, respondent received a confidential admonition from the Commission on Judicial Conduct for unrelated misconduct.

voters, requesting voter support for a candidate for Lieutenant Governor. In the telephone message, respondent referred to himself as "a former magistrate for Newberry County."

Canon 5(A)(1) of the Code of Judicial Conduct provides that a judge shall not "publicly endorse or publicly oppose another candidate for public office." Part-time judges, such as respondent, are exempt from the requirements of Canon 5(A)(1). However, respondent acknowledges that by mentioning his former judicial position in the telephone message, it appeared he was attempting to use his judicial office to influence voters to vote for one candidate over another. Canon 2(B) of the Code of Judicial Conduct states that a judge "shall not lend the prestige of judicial office to advance the private interests of the judge or others...."

### Law

By his conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2(A)(a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); and Canon 2(B)(a judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment, shall not lend the prestige of judicial office to advance the private interests of the judge or others, and shall not convey or permit others to convey the impression that they are in a special position to influence the judge).

### Conclusion

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.